[No. C065216. Third Dist. Mar. 29, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM JAMES P. MOON, Defendant and Appellant.

## Counsel

Riordan & Horgan, Dennis P. Riordan and Donald M. Horgan for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, David A. Rhodes, Janis Shank McLean and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**HULL, J.**—Defendant was convicted by a jury of second degree murder (Pen. Code, § 187, subd. (a)) stemming from a drunken driving incident in which a passenger in defendant's car was killed. (Unless otherwise designated, section references that follow are to the Penal Code.) The trial court suspended imposition of sentence and granted defendant formal probation for a period of 12 years, with four years in county jail. The court thereafter entered an order denying defendant conduct credits for his time in county jail, pursuant to section 2933.2.

Defendant appeals the order denying conduct credits, arguing section 2933.2 applies only to those who are sentenced to prison. We disagree and affirm the order.

### Facts and Proceedings

Because defendant does not appeal the underlying judgment and sentence, the facts may be briefly stated. Defendant was drinking and smoking marijuana one evening and later drove through a residential area at speeds in excess of 100 miles per hour. He lost control of his vehicle and crashed. A passenger in the vehicle was killed. An hour after the incident, defendant's blood-alcohol level was 0.19 percent.

Defendant was charged with second degree murder and gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)), and was convicted as charged. The trial court thereafter suspended imposition of sentence and granted defendant formal probation for a period of 12 years, with four years in county jail. Defendant was awarded 164 days of credit for time served prior to the sentencing hearing. Defendant waived his right to appeal the judgment and sentence as well as any objection to serving more than one year in the county jail.

After defendant learned his release date had been recalculated to reflect that he would not be earning any conduct credits while in jail, his counsel wrote the court asking for clarification. The court scheduled a hearing and the parties briefed the issue. The court ultimately ruled that defendant is not entitled to conduct credits while in county jail.

### DISCUSSION

Defendant contends he is entitled to conduct credits under section 4019. At the time of the offense, former section 4019 provided, among other things, that "[w]hen a prisoner is confined in or committed to the county jail, industrial farm, or road camp or any city jail, industrial farm, or road camp as a condition of probation after suspension of imposition of a sentence," he is entitled to one day of work credit and one day of conduct credit for each six-day period of confinement. (Former § 4019, subds. (a)(2), (b), (c); see Stats. 1982, ch. 1234, § 7, p. 4553.) Recent amendments to section 4019, increasing the amount of conduct credits earned, do not apply to defendant because he was convicted of a serious felony. (See former § 4019, subds. (b)(2) & (c)(2); Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.)

■ The trial court denied defendant conduct credits based on section 2933.2. Section 2933.2, subdivision (a), reads: "Notwithstanding Section 2933.1 or any other law, any person who is convicted of murder, as defined in Section 187, shall not accrue any credit, as specified in Section 2933 or Section 2933.05." Section 2933 provides for conduct credits for persons convicted of a crime and sentenced to state prison, section 2933.05 provides for additional program credits, and section 2933.1 limits conduct credits to 15 percent for persons convicted of violent felonies.

But for those like defendant, who are incarcerated in county jail, section 2933.2, subdivision (c), reads: "Notwithstanding Section 4019 or any other provision of law, no credit pursuant to Section 4019 may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest for any person specified in subdivision (a)."

Defendant contends section 2933.2 does not apply to him, because it is contained in part 3, title 1 of the Penal Code, which is titled "Imprisonment of Male Prisoners in State Prisons." Defendant argues section 2933.2, like sections 2933, 2933.05, and 2933.1, applies only to those sentenced to state prison and not those who are granted probation. Defendant cites as further support legislative history suggesting that section 2933.2 was enacted for the primary purpose of limiting the credits that may be earned in state prison.

■ The question presented is one of statutory construction. In matters of statutory construction our fundamental concern is with legislative intent.

(*Brown v. Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406].) In order to determine such intent, we begin with the language of the statute itself. (*Ibid.*) If the language is clear, there is no need to resort to other indicia of intent; there is no need for further construction. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) However, "every statute should be construed with reference to the whole system of law of which it is a part, so that all may be harmonized and have effect. [Citation.] Legislative intent will be determined so far as possible from the language of the statutes, read as a whole." (*County of Fresno v. Clovis Unified School Dist.* (1988) 204 Cal.App.3d 417, 426 [251 Cal.Rptr. 170].)

■ Ambiguous statutory language should be construed as favorably to a criminal defendant as its language and circumstances reasonably permit. (*People v. Overstreet* (1986) 42 Cal.3d 891, 896 [231 Cal.Rptr. 213, 726 P.2d 1288].) On the other hand, "[t]he rule of statutory interpretation that ambiguous penal statutes are construed in favor of defendants is inapplicable unless two reasonable interpretations of the same provision stand in relative equipoise, i.e., that resolution of the statute's ambiguities in a convincing manner is impracticable. [Citations.] '[A] rule of construction . . . is not a straitjacket. Where the Legislature has not set forth in so many words what it intended, the rule of construction should not be followed blindly in complete disregard of factors that may give a clue to the legislative intent.' " (*People v. Jones* (1988) 46 Cal.3d 585, 599 [250 Cal.Rptr. 635, 758 P.2d 1165].)

In construing section 2933.2, the fact that it falls within a title of the Penal Code labeled, "Imprisonment of Male Prisoners in State Prisons," is entitled to "considerable weight." (*People v. Hull* (1991) 1 Cal.4th 266, 272 [2 Cal.Rptr.2d 526, 820 P.2d 1036].) However, such label does not trump the plain language of the statute. Likewise, the fact that legislative history may show section 2933.2 was enacted primarily to limit credits earned in prison does not mean it cannot also be applied more broadly. This is, after all, a highly unusual case, where one who has been convicted of murder is granted probation. It is not surprising that a situation such as this was not within the contemplation of those enacting the legislation. But that does not mean they did not intend that it apply to all those who are convicted of the serious offense of murder.

Defendant also relies on two recent Supreme Court decisions, *In re Pope* (2010) 50 Cal.4th 777 [114 Cal.Rptr.3d 225, 237 P.3d 552] (*Pope*) and *People v. Duff* (2010) 50 Cal.4th 787 [114 Cal.Rptr.3d 233, 237 P.3d 558] (*Duff*), as support for a restrictive reading of section 2933.2. In *Pope*, the defendant had been convicted of two offenses that fell within the credit limitation of section 2933.1 and one offense that did not, and the trial court

stayed sentence on the qualifying offenses pursuant to section 654. The high court concluded the defendant fell within the scope of section 2933.1 notwithstanding that the sentence on the qualifying offenses was stayed. In *Duff*, the court reached the same conclusion with respect to section 2933.2.

Defendant argues the high court in the foregoing cases "stated explicitly that Section 2933 applies to '[p]ersons who are serving a term in *state prison*' and 'persons who are convicted of crimes and sentenced to *prison*.'" However, the fact that section 2933 *does* apply to one situation does not mean it *does not* apply to others. Furthermore, the question in *Pope* and *Duff* was whether a defendant who is not actually serving a term for a qualifying offense because that term has been stayed has nevertheless been convicted of that offense for purposes of sections 2933.1 and 2933.2. The court indicated that, as long as the term for the qualifying offense has not yet been served, the credit limitations apply. Those cases provide no guidance in the present situation.

Defendant contends in any event that section 2933.2 applies only to those who have been "convicted" of murder, "but under California law, probationers whose sentencings are suspended have not yet suffered a conviction." Citing *Stephens v. Toomey* (1959) 51 Cal.2d 864 [338 P.2d 182] (*Stephens*), defendant argues the word "conviction," when used in connection with crimes punishable by imprisonment, means a final judgment of conviction, which does not occur when a defendant is placed on probation.

Defendant's reliance on *Stephens* is misplaced. In that case, the petitioner entered a guilty plea to a criminal offense, judgment was pronounced against him and he was sentenced to prison. The court then suspended execution of the sentence and placed him on probation. (*Stephens, supra*, 51 Cal.2d at pp. 868–869.) Before completing probation, the petitioner brought an action to restore his right to vote. The Supreme Court concluded the action was premature, because the outcome of the petitioner's criminal case was not yet final. The court explained that if the petitioner violated probation, the suspended sentence would be ordered into effect and the matter would then be final. If, on the other hand, the petitioner completed probation, his conviction would be expunged and his right to vote restored.

Defendant relies on the following excerpt from *Stephens*: "The word conviction, used in this connection, must mean a final judgment of conviction. A judgment is not final if there still remains some legal means of setting it aside." (*Stephens, supra*, 51 Cal.2d at p. 869.) In that case, as long as execution of the sentence was suspended and there was still the possibility of the petitioner completing probation and having the judgment set aside, the conviction was not final for purposes of the state constitutional restriction on voting.

■ *Stephens* has no application to the present matter. As the People point out, the word "conviction" does not have a uniform meaning but depends upon the context in which the word is used. The high court in *Stephens* recognized as much when, just a few lines above the excerpt on which defendant relies, the court said: "A plea of guilty constitutes a conviction." (*Stephens, supra*, 51 Cal.2d at p. 869.)

As a general matter, "[i]t has been settled law for over 250 years that a person stands 'convicted' upon the return of a guilty verdict by the jury or by entry of a plea admitting guilt." (*People v. Davis* (2010) 185 Cal.App.4th 998, 1001 [112 Cal.Rptr.3d 70].) An exception to this general rule has been recognized where, as in *Stephens*, a civil penalty follows as a consequence of the conviction. (*Davis*, at p. 1001.) That is not the case here.

In *In re Carr* (1998) 65 Cal.App.4th 1525 [77 Cal.Rptr.2d 500] (*Carr*), the defendant pleaded no contest to committing a lewd act on a child under the age of 14 and was granted formal probation for a period of five years. He was given presentence credits limited to 15 percent of actual time served in accordance with section 2933.1. The defendant filed a petition for writ of habeas corpus challenging the credit limitation. (*Carr*, at p. 1528.)

The Court of Appeal concluded section 2933.1 did not apply under the circumstances. Section 2933.1, subdivision (c), reads: "Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, *following arrest and prior to placement in the custody of the Director of Corrections*, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)." (Italics added.) It was undisputed the defendant fell within the terms of section 2933.1, subdivision (a). However, the court concluded the italicized portion of the provision is ambiguous and therefore must be construed in favor of the defendant. Under such construction, in order for a period of confinement to have been following arrest *and* prior to placement in custody with the Director of Corrections, it is necessary that the defendant have been placed in custody of the Director of Corrections, i.e., sentenced to prison. Because the defendant received probation, he was not turned over to the custody of the Director of Corrections and, therefore, his conduct credits were not subject to section 2933.1. (*Carr, supra*, 65 Cal.App.4th at pp. 1535–1536.)

In a footnote, the court noted the difference in language between section 2933.1, subdivision (c), and section 2933.2, subdivision (c). (*Carr, supra*, 65 Cal.App.4th at p. 1532, fn. 2.) In the latter, the italicized language reads simply "following arrest." There is no mention of the period of confinement

being prior to placement with the Director of Corrections. The court expressed the view, albeit in dictum, that the language of section 2933.2, subdivision (c), "is clear—no murderer, even one receiving an extremely unlikely grant of probation, would ever be entitled to presentence conduct credits." (*Carr*, at p. 1532, fn. 2.)

We agree with the dictum in *Carr* and the decision of the trial court below. The language of section 2933.2, subdivision (c), is clear and prohibits the award of conduct credits to those convicted of murder, even when granted probation. Because the language of the provision is clear, we have no occasion to resort to other indicia of statutory construction to determine its meaning.

DISPOSITION

The order denying defendant conduct credits for his time in county jail is affirmed.

Blease, Acting P. J., and Hoch, J., concurred.

On March 30, 2011, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied July 13, 2011, S192829.