Filed 4/2/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JARED RAY HALE, | |
| Petitioner, | G048948 |
| v. | (Super. Ct. No. 12CF1778) |
| THE SUPERIOR COURT OF ORANGE COUNTY, | O P I N I O N |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Dan Barrett McNerney, Judge. Petition granted.

William M. Paparian for Petitioner.

Tony Rackauckas, District Attorney, and Brian F. Fitzpatrick, Deputy District Attorney, for Real Party in Interest.

Jared Ray Hale seeks a writ of mandate to overturn the trial court's denial of his pretrial motion to set aside great bodily injury (GBI) enhancement allegations (Pen. Code, § 12022.7, subd. (a)) in his drunk driving trial. (All further undesignated statutory references are to the Penal Code.) The district attorney alleged Hale committed vehicular manslaughter without gross negligence (§ 191.5, subd. (b)) by driving with a blood alcohol concentration (BAC) of 0.15%, causing him to lose control of his vehicle and strike a tree, killing his three passengers. On each of three manslaughter counts, the district attorney also alleged a GBI enhancement for the other two deceased victims, so that Hale faced both vehicular manslaughter charges and a total of six GBI enhancements for the three victims.

Hale contends the enhancements must be stricken under the GBI statute's plain terms providing "[t]his section shall not apply to murder or manslaughter . . . ." (§ 12022.7, subd. (g).) We agree. We therefore part ways with *People v. Julian* (2011) 198 Cal.App.4th 1524 (*Julian*). As we explain, the statutory language controls, and we therefore grant the writ petition.

I

FACTUAL AND PROCEDURAL BACKGROUND

After drinking alcohol at a Dana Point tavern, Hale lost control of his vehicle at high speed and drove over a median and off the roadway into a palm tree. The impact killed his three passengers, Christopher Arzola, Jeremiah Callahan, and Jason Chleborad. The information charges Hale with three counts of vehicular manslaughter while intoxicated. (§ 191.5, subd. (b).) Each of the three manslaughter counts includes a section 12022.7 GBI penalty enhancement for each of the other two deceased victims. Consequently, Hale faces a total of three manslaughter counts and six GBI enhancements.

The trial court denied Hale's pretrial motion to dismiss the GBI enhancements, and he now seeks writ review.

II

DISCUSSION

Hale contends the trial court erred in denying his motion to set aside the GBI enhancements (§ 12022.7, subd. (a)) alleged in the information. Specifically, Hale argues that contrary to section 12022.7, the trial court mistakenly concluded a defendant may face both a manslaughter conviction and a GBI penalty enhancement based on the same victim's death.

A defendant may utilize section 995 to strike invalid enhancement allegations. (*Salazar v. Superior Court* (2000) 83 Cal.App.4th 840, 845-846.) We review a ruling on a set aside motion for abuse of discretion. (*Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 740.) Consequently, we consider the evidence in the light most favorable to the ruling and draw all reasonable inferences in favor of the lower court's decision. (*Id.* at pp. 740-741.)

Nevertheless, "a discretionary decision may be reversed if improper criteria were applied or incorrect legal assumptions were made."[1] (*F.T. v. L.J.* (2011) 194 Cal.App.4th 1, 15-16.) If those criteria or legal standards derive from a statute, we review the statute de novo. (See *People v. Bojorquez* (2010) 183 Cal.App.4th 407, 418 [statutory interpretation is a matter "of law subject to de novo review"].) "'In interpreting statutes, we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law . . .'" (*People v. Loeun* (1997) 17 Cal.4th 1, 8-9.) Thus,

---

[1] Here, the trial court relied on the interpretation of section 12022.7, subdivision (g), in *Julian*, *supra*, 198 Cal.App.4th 1524, which as a lower tribunal, the trial court was bound to follow. As we explain, we disagree with *Julian*'s interpretation of the statute.

3

"'[i]f the statutory language is clear and unambiguous, then we need go no further.'
[Citation.]" (*People v. Sinohui* (2002) 28 Cal.4th 205, 211.)

Section 12022.7, subdivision (a), provides for enhanced punishment as
follows: "Any person who personally inflicts great bodily injury on any person other
than an accomplice in the commission of a felony or attempted felony shall be punished
by an additional and consecutive term of imprisonment in the state prison for three
years." The enhancement term is increased to five years if the defendant "causes the
victim to become comatose due to brain injury or to suffer paralysis of a permanent
nature," or if the victim is 70 years old or older or under age five. (§ 12022.7, subds. (b),
(c) & (d).)

An express exclusion states the GBI enhancement "shall not apply to
murder or manslaughter or a violation of Section 451 or 452 [arson]. Subdivisions (a),
(b), (c), and (d) shall not apply if infliction of great bodily injury is an element of the
offense." (§ 12022.7, subd. (g) [hereafter subdivision (g)].) Subdivision (f) specifies that
"[a]s used in this section, 'great bodily injury' means a significant or substantial physical
injury."

We are not the first court to consider this language. In *People v. Weaver*
(2007) 149 Cal.App.4th 1301 (*Weaver*) and *People v. Verlinde* (2002) 100 Cal.App.4th
1146 (*Verlinde*), Division One of the Fourth District upheld GBI enhancements *as to
surviving victims*. These cases did not involve as here a GBI enhancement alleged for a
deceased victim's injuries, where the deceased victim was also a named victim of another
manslaughter count arising out of the same facts and charged in the same case against the
defendant. But *Verlinde* and *Weaver* both cast doubt on the validity of such duplicative
prosecution. *Verlinde* expressly rejected the proposition in dicta, explaining that

4

subdivision (g)'s "statutory exemption for murder and manslaughter is intended to bar imposition of an enhancement for the injuries inflicted on the homicide victim, who obviously has suffered great bodily injury." (*Verlinde*, at p. 1168.) Put another way, the guilty verdict on a manslaughter count necessarily includes a finding of great bodily injury, and the sentencing range the Legislature has prescribed for manslaughter necessarily includes punishment for the injuries the defendant inflicted on the victim.

*Weaver* reached the same conclusion. *Weaver* criticized as "without any substantive reasoning" a case holding that section 12022.7 did not apply *at all* in vehicular manslaughter cases, even as an enhancement for injuries suffered by other victims besides the deceased victim. (*Weaver*, *supra*, 149 Cal.App.4th at p. 1335, fn. 35, criticizing *People v. Beltran* (2000) 82 Cal.App.4th 693, 695.) As pertinent here, in upholding on appeal a GBI enhancement for victims *other than the deceased*, the *Weaver* court implicitly concluded the enhancement did not apply to a victim for whom the defendant faced manslaughter charges. (*Weaver*, at pp. 1330-1335.)

In *Julian*, however, a panel of the same Division that decided *Weaver* and *Verlinde* interpreted those cases and subdivision (g) to prohibit the GBI enhancement only where it concerned the same victim of manslaughter as the substantive count *to which it was attached.* (*Julian*, *supra*, 198 Cal.App.4th at pp. 1529-1530.) In other words, consistent with *Weaver* and *Verlinde*, *Julian* recognized subdivision (g) bars a GBI enhancement for the injuries a manslaughter victim suffers, but *Julian* limited that bar to pleading scenarios where the enhancement is attached to the manslaughter count for the same victim. (See *Julian*, at p. 1530 [recognizing under subdivision (g) that the defendant's "conviction for the death of Terri [a victim] cannot be enhanced with punishment for the grievous injury Terri herself suffered"].) The court found no similar

5

bar, however, to attaching a GBI enhancement based on one victim's fatal injuries to a manslaughter count pertaining to another victim, *even if the defendant is also charged and convicted of manslaughter for the first victim's death*. The court implicitly found dispositive the pleading artifice of attaching an enhancement to one count rather than another. (*Julian*, at p. 1530.)

In *Julian*, the intoxicated defendant drove through a red light and struck a vehicle, killing the driver (Terri) and leaving her two daughters (Amanda and Alexis) unconscious; Amanda later died after months in a vegetative state. The prosecutor filed two counts of vehicular manslaughter against the defendant, and included on each count a GBI enhancement for the surviving daughter's injuries. But the prosecutor also attached to the manslaughter count based on Terri's death (count 1) an aggravated GBI enhancement based on Amanda's injuries resulting in her coma and death, and attached to the manslaughter count based on Amanda's death (count 2) a GBI enhancement based on Terri's injuries resulting in her death. After the jury convicted the defendant as charged, including the enhancement allegations, the trial court imposed a 12-year sentence consisting of four years on count 1, plus an additional five years and three years, respectively, on the two GBI enhancements attached to that count. The court entered a stay under section 654 on count 2 and its enhancements.

On appeal, the defendant argued the statutory exclusion in subdivision (g) barred imposing GBI enhancements for the manslaughter victims' injuries. The *Julian* court rejected the defendant's argument, explaining, "Although Terri and Amanda died as a result of their injuries and their deaths support [the defendant's] manslaughter convictions, in this case their injuries also support enhancements under section 12022.7." (*Julian*, *supra*, 198 Cal.App.4th at p. 1530.) According to *Julian*, its "interpretation not

6

only avoids the absurd result of diminishing punishment when a victim dies, it also is consistent with the requirement of section 654 a defendant be sentenced under the statute which provides the longest potential term of imprisonment." (*Id.* at pp. 1531-1532.) "To hold Alexis's injuries will support an enhancement but, because she died, Amanda's injuries will not, would permit a defendant . . . to benefit to some extent from the fact one of his multiple victims died rather than survived. We of course must reject such a grotesque interpretation of the statute." (*Id*. at pp. 1530-1531.)

*Julian*'s interpretation, however, introduces its own anomaly in which the bar on GBI enhancements in subdivision (g) applies only in single victim vehicular homicides. *Julian* acknowledges subdivision (g) bars a GBI enhancement where the same victim is named in the underlying count (*Julian*, *supra*, 198 Cal.App.4th at p. 1530), as in a single victim accident. But according to *Julian*, the bar is circumvented in multiple victim accidents by simply attaching a GBI enhancement for a deceased victim's injuries to a manslaughter count for another victim.[2] Yet nothing in the statutory language suggests the Legislature intended to limit subdivision (g) to vehicular manslaughter cases involving one victim, but allow GBI enhancements in multiple victim cases.

Prescribing punishment is the Legislature's domain, and we conclude the legislative proscription in subdivision (g) means what it says. The statutory language plainly states a GBI enhancement "*shall not apply* to murder or manslaughter . . . ."

---

[2] Thus, where there is an accident with a single victim, A, and A dies, the prosecutor cannot attach a GBI enhancement to the vehicular manslaughter count for A's death. But if there is another accident victim, B, who also dies, the prosecutor under *Julian* may simply attach a GBI enhancement for B's fatal injuries to the manslaughter count alleged for A's death, and attach a GBI enhancement for A's fatal injuries to the manslaughter count for B's death. According to the district attorney, this pleading maneuver may be multiplied ad infinitum where there are victims C, D, E, F, G, . . . .

7

(§ 12022.7, subd. (g), italics added.)  Removing any conceivable doubt, subdivision (g) further provides a GBI enhancement "*shall not apply* if infliction of great bodily injury is an element of the offense" (italics added).  Great bodily injury is by definition inherent in a murder or manslaughter victim's injuries that result in death.  Consequently, great bodily injury is necessarily proven when the victim's death is proven as an element of those offenses.  By statutory command, a GBI enhancement therefore "shall not apply." (§ 12022.7, subd. (g).)  We must give effect to this plain language.

The district attorney argues subdivision (g) is ambiguous and that interpreting it to bar an enhancement when the victim dies is inconsistent with the statute's purpose.  The district attorney explains that the purpose of the enhancement is to ensure greater punishment where the defendant inflicts greater harm, and this purpose would be defeated in allowing a defendant to "escape" enhancement penalties when his or her victims die.  Specifically, the district attorney objects that a literal reading of subdivision (g) here would limit the defendant's maximum exposure to five years and four months' imprisonment on three counts of vehicular manslaughter.  In contrast, the prosecutor's charging methodology here yields a potential 10-year term.[3]

We do not find subdivision (g) ambiguous.  We must interpret the statute according to its terms because "'the words the Legislature chose are the best indicators of its intent.'" (*People v. Ramirez* (2010) 184 Cal.App.4th 1233, 1238.)  The great bodily

---

[3]     The five year, four month term is based on the upper term of four years for vehicular manslaughter (§ 191.5, subd. (b) & (c)(2)), plus 16 months comprised of two consecutive eight-month terms as one-third the midterm (§ 1170.1, subd. (a)) for the additional manslaughter counts.  The 10-year sentence on the prosecutor's charging theory results from an upper term of four years on one count of vehicular manslaughter, with three-year enhancements for each of two GBI enhancement allegations (§ 12022.7, subd. (a)), and a stay under section 654 on the two additional vehicular manslaughter counts and their respective GBI enhancements.

8

injury enhancement in section 12022.7 applies by its terms to enhance punishment for significant or substantial injuries a victim suffers. (§ 12022.7, subd. (f).) Subdivision (g) specifies it does not apply to "murder or manslaughter," and the district attorney does not suggest, nor can we envision, a scenario in which a vehicular manslaughter victim could be killed and not incur significant or substantial injuries. The statutory purpose of the Legislature's GBI enhancement regime is not to maximize punishment under every pleading artifice a prosecutor can devise, but instead to "deter[] the use of excessive force and the infliction of *additional harm beyond that inherent in the crime itself*." (*People v. Wolcott* (1983) 34 Cal.3d 92, 108, italics added.) The great bodily injuries a vehicular manslaughter victim suffers are inherent in the offense that causes his or her death, and therefore precluded by subdivision (g) as a basis for enhancement.

The district attorney argues his construction of section 12022.7, subdivision (g) is required to avoid absurd results. He does not address *Julian*'s anomaly in which some fatal injuries are subject to a GBI enhancement (multi-victim accidents) and some are not (single victim). Given the plain terms in subdivision (g), we think it more likely the Legislature intended a uniform result recognizing a manslaughter charge and conviction necessarily include a deceased victim's injuries. (See *People v. Miranda* (1994) 21 Cal.App.4th 1464, 1467-1468 [inflicting injury while driving under the influence (DUI with injury; Veh. Code, § 23153) is a lesser included offense of vehicular manslaughter].)

The district attorney nevertheless argues any interpretation besides that in *Julian* produces an absurd result because a defendant receives less punishment if his victims die than if they live. "We must exercise caution," however, in "using the 'absurd result' rule; otherwise, the judiciary risks acting as a '"super-Legislature"' by rewriting

statutes to find an unexpressed legislative intent." (*California School Employees Assn. v. Governing Bd. of South Orange County Community College Dist.* (2004) 124 Cal.App.4th 574, 588.)

The absurdity argument does not aid the district attorney precisely because of peculiarities in the punishment of drunk driving offenders. Simply put, the district attorney's charging artifice does not result in longer imprisonment for a drunk driving offender who commits vehicular manslaughter than one who only injures his victims. In other words, the district attorney's charging methodology does not correct the absurdity he identifies. If Hale had severely injured his victims instead of causing their deaths, it appears he would face a maximum prison term of 12 years. Specifically, a defendant faces a potential upper term of three years for causing "bodily injury" while driving under the influence (Veh. Code, §§ 23153, subds. (a) & (b), 23554; see § 18 [providing for upper term of three years where felony punishment is unspecified]), which may be enhanced by three years for causing *great* bodily injury (§ 12022.7, subd. (a); *People v. Sainz* (1999) 74 Cal.App.4th 565, 576). A great bodily injury enhancement may be imposed for each victim without violating section 654 (see *People v. Arndt* (1999) 76 Cal.App.4th 387, 396-397 (*Arndt*)), resulting in a total term of 12 years when the defendant injures three victims. This figure exceeds the maximum 10 years'

imprisonment the district attorney seeks for the vehicular homicides he alleges Hale committed.[4]

A sentencing disparity does not necessarily render a statutory scheme absurd because it is the Legislature's prerogative to affix punishment. (See, e.g., *Harmelin v. Michigan* (1991) 501 U.S. 957, 998-1001 (conc. opn. of Kennedy, J.) [noting inevitable sentencing vagaries].) But the disparity here is glaring and unjust. It inures, however, to Hale's benefit and therefore furnishes him no basis for an equal protection or disproportionate punishment claim. The district attorney has no corresponding constitutional claims to assert against the disparity. More to the point, we may not simply rewrite the statutory scheme, purporting to sit as a super-Legislature. Here, as discussed, the express exclusion in section 12022.7, subdivision (g), precludes the

---

[4] We observe that charging a defendant with "only" one count of vehicular manslaughter and attaching to that count two GBI enhancements for two additional deceased victims technically avoids violating subdivision (g)'s bar on a GBI enhancement for the same injuries subsumed in a manslaughter count for the same victim. Charging in this manner potentially yields the same 10-year term the district attorney seeks here, specifically a four-year upper term on the manslaughter count and three years on each of two GBI enhancements for two additional deceased victims. The district attorney does not propose this charging alternative, and we do not address it because it is not before us. Moreover, it may implicate other charging or sentencing considerations. For example, the Legislature's specific definition of vehicular manslaughter as the offense committed when an accident victim dies may preclude punishing the same conduct under the more general rubric of a great bodily injury enhancement based on another victim's injuries or death. (Cf. *People v. Binkerd* (2007) 155 Cal.App.4th 1143, 1149-1150 [sentencing a defendant for a DUI with injury offense, with a GBI enhancement for the deceased victim's injuries, "circumvents the statutory scheme for vehicular manslaughter"].) Another consideration may include whether vehicular manslaughter is a violent offense for purposes of section 654's multiple victims exception. (Compare *Arndt*, *supra*, 76 Cal.App.4th at pp. 396-397 [section 654 does not bar multiple GBI enhancements on a DUI with injury offense because that offense qualifies as a violent crime], with *In re Pope* (2010) 50 Cal.4th 777, 785, fn. 3 [describing "quirk" in law that classifies DUI with injury, with GBI enhancement, as a "violent felony," while excluding from list of violent felonies the more serious charge of gross vehicular manslaughter while intoxicated].) We express no opinion on these issues.

prosecutor's duplicative charging theory for the victims' great bodily injuries necessarily subsumed in their deaths. We appeal to the Legislature to correct this manifest sentencing disparity by ensuring proportional punishment for offenders who commit vehicular manslaughter.

## III

## DISPOSITION

The petition is granted. Let a peremptory writ of mandate issue directing the trial court to vacate its order denying petitioner's motion to set aside the GBI enhancements alleged under section 12022.7 on each manslaughter count. The trial court is directed to enter a new and different order granting the motion.


ARONSON, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.


12