Filed 6/1/17

APPELLATE DIVISION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| THE PEOPLE, | CASE NO. 30-2016-00843760 |
| Plaintiff and Respondent, | (Super. Ct. No. IRM477178) |
| v. | OPINION |
| TAMARA SUE FARLEIGH, | |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Harbor Justice Center, Joy Markman, Judge. Affirmed.

\*　　　　\*　　　　\*

Defendant/Appellant Tamara Sue Farleigh appeals her conviction of violating Vehicle Code section 22350, the Basic Speed Law.[1]

FACTUAL AND PROCEDURAL HISTORY

On September 9, 2015, at approximately 4:35 p.m., Officer Cody Bates noticed defendant was smoking and holding the cigarette out of the left window while driving. The officer also saw that she was holding a cellphone in her right hand and looking down at the screen, which was activated. The defendant was traveling 45 miles per hour approaching a busy intersection with numerous restaurants and shops and with no hands on the steering wheel. The officer initiated a traffic stop. The defendant told the officer that she was using her cellphone for GPS navigation.

---

[1] All further statutory references will be to the Vehicle Code unless otherwise stated.

The officer testified that the weather was dry and clear, there was no water on the roadway, traffic was heavy, and the posted speed limit was 50 miles per hour. Finally, when asked whether the defendant's speed was "appropriate for roadway conditions," the officer responded "If you're speaking of the roadway itself and not the conduct of the driver, 45 miles per hour would be appropriate for that roadway." The officer cited the defendant for violating the Basic Speed Law. On the citation, the officer marked "zero" as the safe speed.

At trial, the court defined roadway as "everything going on, on that road, not whether it's dry, not whether it's heavy or light traffic; everything going on at that time." The trial court went on to conclude that the way someone is driving can form the basis of a violation of the Basic Speed Law, holding that "I cannot believe that it's reasonable speed for prevailing conditions, i.e., conditions include not just the speed limit, but how a person is driving. Driving without hands, per se – per se, to me is unreasonable and unsafe, going 45 miles an hour without hands." At the end of the hearing, the trial court reiterated her conclusion that "prevailing conditions" are "a very general concept, and I think it allows an officer to give a ticket based on all the conditions, including the way a driver drives, the conditions on the road, other cars."

The defendant timely appealed.

DISCUSSION

This case poses a straightforward question of statutory interpretation. Under the Basic Speed Law, can an officer ticket a person who is driving at a speed which is safe for current road and weather conditions because the speed is unsafe for the manner in which the person is driving? With no case law on point, this question is a matter of first impression.

"In matters of statutory construction our fundamental concern is with legislative intent. [Citation.] In order to determine such intent, we begin with the language of the statute itself. [Citation.] If the language is clear, there is no need to resort to other indicia of intent; there is no need for further construction. [Citation.] However, 'every statute

2

should be construed with reference to the whole system of law of which it is a part, so that all may be harmonized and have effect. [Citation.] Legislative intent will be determined so far as possible from the language of the statutes, read as a whole.' [Citation.]" (*People v. Moon* (2011) 193 Cal.App.4th 1246, 1249-1250.) Finally, "[a]nother 'fundamental rule[ ] of statutory construction is that a law should not be applied in a manner producing absurd results, because the Legislature is presumed not to intend such results.' [Citation.]" (*San Jose Unified School Dist. v. Santa Clara County* (2017) 7 Cal App.5th 967, 982.) Applying these rules to the present case, leads to the conclusion that the Basic Speed Law, read as a whole, regulates speed based on the totality of circumstances, including the way a person is driving.

Section 22350, the Basic Speed Law, provides: "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."

The first part of the statute – regulating speed that is "greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway" – by its plain language regulates speed specifically with regard to four external factors outside of the driver's control (i.e., "weather," "visibility," "traffic," and "the surface . . . of the highway"). From the terms of this portion of the statute, it is obvious that the Legislature did not intend to include speed relative to unlike factors such as the behavior of the driver. (See *Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 389 [utilizing the familiar maxim of statutory construction "*expressio unius est exlusio alterius*, or 'to express or include one thing implies the exclusion of the other' "].)

The second part of the statue – regulating speed "which endangers the safety of persons and property" – is broader. By its terms, this portion of the statute prohibits excessive speed in general without any limitation. This portion of the statute places the focus not on a set of express factors, but on "the safety of persons and property."

3

Limiting the factors the police and courts could consider to factors external to the driver's behavior, as the defense would have us do, would write the second portion of the statute out of the Basic Speed Law and write in a limitation which the Legislature did not see fit to include. The first portion of the statute prohibits driving over the speed appropriate for external conditions, and the second portion of the statute prohibits driving at any excessive speed. Read together, both portions of the statute have effect and protect the public from any sort of dangerous speed.

At the trial, the defense and the trial court debated the consequences of either construction of the Basic Speed Law selected by the court. At trial (and further on appeal), the defense warned that, unmoored from external conditions, the Basic Speed Law would become a catchall for all sorts of driving behavior the police find distracting, even when the behavior has not been proscribed by statute. (See, e.g., *People v. Spriggs* (2014) 224 Cal. App.4th 150, 165 [holding that section 23123, subdivision (a) prohibits listening and talking on a wireless telephone, but not looking at a map application while driving].) For its part, the trial court warned that limiting the Basic Speed Law to external conditions would force the police to stand idly by while drivers careen down the road behaving in all sorts of hazardous ways. It is not for this court to choose between rival absurdities, but to interpret that statue as written, and, as written, the statute does not limit the factors that the police can consider in determining whether a driver is driving at an excessive speed. (See *Hale v. Superior Court* (2017) 225 Cal.App.4th 268, 276 [cautioning that in using the "absurd result" rule, the judiciary risks " 'rewriting statutes to find an unexpressed legislative intent' " and acting as a "super-Legislature"].)

————In the present case, the officer testified that the defendant's speed was unsafe for the way in which she was driving. Because the Basic Speed Law is not limited to regulating speed with reference to conditions external to the driver herself, this evidence is sufficient to support a conviction, and the judgment is affirmed.


_David A. Hoffer_

DAVID A. HOFFER
Judge

Richard Allen Baylis for Defendant and Appellant.

Xavier Becerra, Attorney General, for Plaintiff and Respondent.