Filed 5/26/21  P. v. Moreno CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LUIS ANTHONY MORENO,<br><br>Defendant and Appellant. | F080976<br><br>(Fresno Super. Ct. No. F13903993)<br><br>**ORDER MODIFYING OPINION**<br>**[NO CHANGE IN JUDGMENT]** |

**THE COURT:**

It is hereby ordered that the opinion filed herein on May 25, 2021, be modified as follows:

1.      On page 3, the first full paragraph that begins, "On September 14, 2014," is deleted and replaced with the following:

On September 14, 2016, after a jury trial, appellant was convicted as charged of count 1, second degree murder of Ms. Vang (Pen. Code, §187;**1** *People v. Watson* (1981) 30 Cal.3d 290, 298), count 2, driving under the influence causing injury to Mr. Her (Veh. Code, § 23153, subd. (a)), and count 3, felony driving with a blood-alcohol level of 0.08 percent or more causing injury to Mr. Her (Veh. Code, § 23153, subd. (b)).  (*People v. Moreno, supra*, F079796 at pp. 9–10.)

---

**1** All further statutory references are to the Penal Code unless otherwise stated.

Except for the modification set forth, the opinion previously filed remains unchanged.

This modification does not effect a change in the judgment.



POOCHIGIAN, Acting P.J.

WE CONCUR:



DETJEN, J.



PEÑA, J.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>LUIS ANTHONY MORENO,<br><br>  Defendant and Appellant. | F080976<br><br>(Fresno Super. Ct. No. F13903993)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gary D. Hoff, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

## INTRODUCTION

Appellant Luis Anthony Moreno was convicted of second degree murder for driving while intoxicated, crossing the center line, crashing into another car, and killing the passenger in that car. In 2019, this court affirmed the judgment on appeal. In 2020, appellant filed a motion with the trial court and claimed his sentence should be modified based on a newly enacted statute that was inapplicable to his case. The trial court denied the motion and this court affirmed that ruling on appeal.

This case represents appellant's third appeal and is based on additional motions that were denied by trial court in 2020, where he again claimed his sentence should be modified based on statutes that were inapplicable to his case. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has filed a letter brief raising one issue relevant to the motions he filed, and four issues that are not cognizable. We again affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Appellant had five prior convictions for driving under the influence (DUI) and had been admonished that he could be charged with murder if he killed someone as a result of driving under the influence. On May 5, 2013, despite these warnings, he was driving with a blood-alcohol level of 0.36 percent, four times the legal limit, and crossed over the center line and crashed into a Toyota that had been lawfully traveling in the opposite traffic lane. The driver of the Toyota, Yee Her, was seriously injured and his wife and passenger, Blia Vang, was killed. When appellant was interviewed after the crash, he

---

[2] We take judicial notice of the records and this court's prior unpublished appellate opinions in *People v. Moreno*, January 24, 2019, F074533, nonpublished opinion; and *People v. Moreno,* April 8, 2020, F079796, nonpublished opinion.

admitted that he knew driving under the influence was dangerous. (*People v. Moreno, supra*, F079796 at pp. 2–3, 5.)

On September 14, 2014, after a jury trial, appellant was convicted as charged of count 1, second degree murder of Ms. Vang (Pen. Code, §187;[3] *People v. Watson* (1981) 30 Cal.3d 290, 298), count 2, driving under the influence causing injury to Mr. Her (Veh. Code, § 23153, subd. (a)); and count 3, felony driving with a blood-alcohol level of 0.08 percent or more causing injury to Mr. Her (Veh. Code, § 23153, subd. (b)). *People v. Moreno, supra*, F079796 at pp. 9–10.)

The jury found true the following allegations: as to count 1, that appellant personally inflicted great bodily injury on Mrs. Vang, which made him ineligible for probation (§ 1203.075); and as to counts 2 and 3, that appellant had a blood-alcohol content of 0.15 percent or higher (Veh. Code, § 23578),[4] he personally inflicted great bodily injury on Mr. Her (§ 12022.7, subd. (a))[5], and he had a prior DUI conviction in 2010 that occurred within 10 years of the charged offenses (Veh. Code, § 23560)[6].

---

[3] All further statutory citations are to the Penal Code unless otherwise indicated.

[4] Vehicle Code section 23578 states in relevant part: "In addition to any other provision of this code, if a person is convicted of a violation of Section 23152 or 23153, the court shall consider a concentration of alcohol in the person's blood of 0.15 percent or more, by weight … as a special factor that may justify enhancing the penalties in sentencing, in determining whether to grant probation, and, if probation is granted, in determining additional or enhanced terms and conditions of probation."

[5] Section 12022.7, subdivision (a) provides for an enhancement of three years

[6] Vehicle Code section 23560 states: "If a person is convicted of a violation of Section 23153 and the offense occurred within 10 years of a separate violation of Section 23103, as specified in Section 23103.5, 23152, or 23153 that resulted in a conviction, that person shall be punished by imprisonment in the state prison, or in a county jail for not less than 120 days nor more than one year, and by a fine of not less than three hundred ninety dollars ($390) nor more than five thousand dollars ($5,000). The person's privilege to operate a motor vehicle shall be revoked by the Department of Motor Vehicles pursuant to paragraph (4) of subdivision (a) of Section 13352. The court shall

3.

On October 13, 2016, the court conducted the sentencing hearing, and found appellant was not eligible for probation, and "even if he were to be eligible for a grant of probation, this court would find him not suitable for probation in light of the prior criminal history of driving under the influence. The fact that he was on probation for driving under the influence when he committed this act that caused the death, noting that at the time of this particular act his blood alcohol level was an extremely high level and that his actions of intentionally drinking and intentionally driving caused the death of one person and the serious injury of another, and therefore, probation is denied."

The court sentenced appellant to 15 years to life for count 1, second degree murder of Mrs. Vang; plus, the consecutive upper term of three years for count 2, driving under the influence causing injury to Mr. Her, and a consecutive three years for the great bodily injury enhancement attached to count 2. The court stayed the term imposed for count 3 and the attached enhancement pursuant to section 654.

**The first appeal**

In his first appeal, appellant challenged the court's decision to deny defense counsel's repeated requests to instruct the jury on gross vehicular manslaughter and involuntary manslaughter as lesser included offenses of second degree murder, and argued the court committed prejudicial error in denying his motion to give such instructions.

On January 19, 2019, this court filed the opinion that affirmed the judgment, and held the trial court properly denied appellant's motion for the lesser included offense instructions. We explained that statutory and decisional law provided that both gross vehicular manslaughter while intoxicated, and involuntary manslaughter, were not lesser

---

require the person to surrender the driver's license to the court in accordance with Section 13550."

4.

included offenses of second degree murder based on driving while intoxicated under the facts of this case. (*People v. Moreno, supra*, F074533 at p. 2.)

On April 10, 2019, the California Supreme Court denied appellant's petition for review. On April 11, 2019, the remittitur was issued.

**The second appeal**

On April 16, 2019, appellant filed, in pro. per., a preprinted petition with the trial court and requested resentencing pursuant to section 1170.95. Appellant checked boxes on the form to allege he was convicted of "1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine" and "2d degree murder under the natural and probable consequences doctrine or under the 2d degree felony murder doctrine," and his murder conviction had to be reversed because of the amendments resulting from Senate Bill No. 1437 (2017–2018 Reg. Sess.). (*People v. Moreno, supra*, F079796 at p. 12.)[7]

---

[7] "In 2018, the Legislature enacted Senate Bill No. 1437 … to amend the natural and probable consequences doctrine as it relates to murder. (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 redefined 'malice' in section 188. Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on [their] participation in a crime.' (§ 188, subd. (a)(3).)" (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.) "Senate Bill 1437 also adds … section 1170.95, which allows those 'convicted of felony murder or murder under a natural and probable consequences theory … [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts ….' [Citation.] [¶] An offender may file a petition under section 1170.95 where all three of the following conditions are met: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' [Citation.]" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) Appellant was not tried under a felony-murder theory in this case.

On June 19, 2019, the trial court denied appellant's petition for resentencing and held appellant failed to make a prima facie showing that he fell within the provisions of section 1170.95, because he "was more than a mere participant in the crime. The killing resulted from an intentional act with express or implied malice." (*People v. Moreno, supra*, F079796 at pp. 12–13.)

On August 12, 2019, appellant filed an appeal from the trial court's ruling. His appellate counsel, who represented him in the first appeal, filed a *Wende* brief. Appellant then filed two letter briefs and raised several issues, most of which were based on claims of alleged prejudicial errors at trial. (*People v. Moreno, supra*, F079796 at pp. 12–13.)

As to the original argument in his petition for resentencing, we held the trial court properly denied the petition and explained that appellant was not entitled to relief pursuant to the amendments enacted by Senate Bill No. 1437 because he was not convicted under a felony murder theory or as an aider or abettor. He was convicted of second degree murder as a principal based on express or implied malice. He was the "actual killer" who was driving while heavily intoxicated, swerved into the opposing lane, slammed into an oncoming vehicle, and killed Mrs. Vang, after being admonished after his most recent prior DUI conviction that he could be convicted of murder if he killed someone while driving under the influence. (*People v. Moreno, supra*, F079796 at p. 14.)

We also rejected appellant's claims of prejudicial trial errors because they were refuted by the record. Appellant asserted he tried to accept a plea bargain for a 10-year term and his trial attorney failed to tell the prosecutor's office that he would accept it. However, the record showed that prior to the start of appellant's jury trial, the court stated in the presence of appellant and his attorney that the People had previously made an offer for appellant to enter a plea to second degree murder, with the dismissal of all other counts and enhancements alleged in the original information, and appellant rejected the offer. (*People v. Moreno, supra*, F079796 at p. 13.)

Appellant also complained he was sentenced to a longer term than people convicted of first degree murder. (*People v. Moreno, supra*, F079796 at p. 13.) His argument was meritless because "[g]enerally, offenders who commit different crimes are not similarly situated. [Citation.]" (*People v. Doyle* (2013) 220 Cal.App.4th 1251, 1266.)

Finally, appellant argued he was incapable of committing the "intentional act" required for malice because his blood-alcohol level was 0.36 percent, and it was so high that he was likely unconscious and lacked the ability to form intent. We noted that in his first appeal, we explained that appellant received an express warning and advisement after his fifth DUI conviction that he could be charged with murder if he continued to drive while under the influence and someone was killed. After he was arrested in this case, appellant said he understood it was dangerous to drive while intoxicated and knew someone could get hurt. (*People v. Moreno, supra*, F079796 at pp. 13–14.)

## THE CURRENT APPEAL

The current appeal is based on appellant's filing of two additional motions with the trial court, claiming he should be resentenced based on statutes that are not applicable to his convictions.

## Appellant's first motion

On February 3, 2020, appellant filed a preprinted form entitled "Motion for Modification of Sentence, Pursuant to Senate Bill No.'s 1393, 1618." The form stated he was entitled to modification of his sentence because the two new laws applied retroactively to his case, his "five-year prior serious felony conviction enhancement must be set aside" based on the amendments to section 667, subdivision (a) and section 1385, and there was "a clear indication" the trial court would exercise its discretion to dismiss the five-year enhancement. Appellant further argued that "SB 1618" and section 1170, subdivision (d)(1) also applied and stated that "people which accepted plea bargains are eligible for resentencing relief."

Appellant's "motion" was supported by his declaration that at his sentencing hearing, the court added two consecutive three-year enhancements under section 667, subdivision (a), and these enhancements must now be stricken under Senate Bill No. 1393.

### *The court's ruling*

On February 14, 2020, the trial court filed an order denying appellant's ex parte motion for modification of his sentence. The court held that Senate Bill No. 1393 (2017–2018 Reg. Sess.) amended section 667, subdivision (a), effective January 1, 2019, but appellant was not subject to any additional punishment for a five-year prior serious felony conviction enhancement, and his reliance on this law was misplaced.

The court clarified that appellant was also relying on Assembly Bill No. 1618 (2019–2020 Reg. Sess.), which added section 1018.6, effective January 1, 2020. The court explained that section 1018.6 provided that plea agreements that require defendants to waive ameliorative benefits of future legislation that may retroactively apply are void as against public policy. The court held this law did not apply to appellant's case since he was convicted after a jury trial and not as the result of a plea agreement.

## Appellant's second motion

On February 21, 2020, appellant filed a handwritten letter with the trial court, asking for relief "under S.B. 1393 [¶] Penal Code 1170(d) Cohort #5 [¶] VI. Sentencing Discrepancy Referrals." Appellant's letter requested, "Count's 2 & 3 be Dismissed Per, Penal Code 12022.7 Enhancements." His letter concluded: "Please disregard my previous query."

Appellant's letter was accompanied by the identical preprinted motion that he previously filed, supported by the same declaration where he asserted that he was sentenced to two consecutive three-year enhancements pursuant to section 667, subdivision (a), and the new law required dismissal of those enhancements and resentencing.

8.

Appellant's letter was also accompanied by a preprinted form entitled: "VI. Sentencing Discrepancy Referrals [¶] Cohort #5." This preprinted form referred to the "*Gonzalez* cohort," and cited to *People v. Gonzalez* (2009) 178 Cal.App.4th 1325, 1332, for the holding: "Trial court should not have imposed sentence enhancements under section 12022.7, subdivision (a) and section 186.22, subdivision (b)(1)(C), because both sentence enhancements were based on the great bodily injury the defendant caused while committing the underlying offense." Appellant included the abstracts of judgment and minute orders for the sentencing hearing.

### *The court's ruling*

On February 26, 2020, the trial court denied appellant's "successive ex-parte motion for modification of sentence," and noted his current motion asked the court to disregard his previous motion. "To the extent [appellant] is asking the court to disregard his previously submitted motion, it is too late as the Court has already denied the motion on its merits." The court further stated that it was denying his second motion for the same reasons already stated in the previous denial.

On March 16, 2020, appellant filed a notice of appeal.

## The instant appeal

Appellate counsel, who represented appellant in his first and second appeals, has filed a *Wende* brief in this appeal. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on August 10, 2020, we invited appellant to submit additional briefing.

On August 27, 2020, appellant filed a letter brief that raises five issues purportedly from the trial court's order of February 26, 2020.

## DISCUSSION

Appellant's letter brief primarily raises alleged examples of prejudicial error that occurred at trial and require reversal of his convictions. These issues are not cognizable

in this appeal from the court's order denying his February 2020 motions. Having set forth the record, however, we will briefly review his meritless contentions.

First, appellant claims his trial attorney was prejudicially ineffective because of his "total failure to investigate and prepare a defense" for his trial, and counsel's alleged "withdrawal" of jury instructions on "vehicular manslaughter." In a related claim, he asserts the prosecutor committed prejudicial misconduct and was "vindictive" because she withdrew a jury instruction on "vehicular manslaughter."

The entirety of the record refutes these assertions. Defense counsel ably represented appellant, moved to exclude evidence, and repeatedly argued the court should instruct the jury on lesser included offenses to the charge of second degree murder. The prosecutor opposed the defense motion on the lesser offenses, and the court decided there were no applicable lesser offenses. Appellant raised this issue in his first appeal, this court extensively reviewed it, and found the trial court correctly denied the defense motion for lesser included offenses. The California Supreme Court denied appellant's petition for review on the issue. Defense counsel never withdrew the instruction, the prosecution did not raise a "vindictive" objection, and the trial court correctly ruled on the issue.

Next, appellant claims the trial court committed "misconduct" and was "vindictive" at the sentencing hearing when it found he was not eligible for probation, and he was not suitable even if eligible. As set forth above, appellant was statutorily ineligible for probation, and the court's additional findings were based on specific factors relevant to probation and were not "vindictive."

In his letter brief, appellant argues the court "unlawfully imposed enhancements" as in *People v. Ahmed* (2011) 53 Cal.4th 156. *Ahmed* held the trial court in that case properly sentenced the defendant for assault with a firearm, plus enhancements for personal use of a firearm and personal infliction of great bodily injury. (*Id*. at pp. 159–163.) Appellant's motion cited *People v. Gonzalez, supra,* 178 Cal.App.4th 1325, for the

holding that the trial court improperly imposed both gang and great bodily injury enhancements, which also were not applicable in this case. Appellant's case did not involve the offenses and enhancements addressed in *Ahmed* and *Gonzalez*.

To the extent appellant argues that the court improperly imposed three years for count 2, driving under the influence causing injury of Mr. Her, plus three years for the personal infliction of great bodily injury enhancement on Mr. Her, the court properly imposed sentences for both count 2 and the enhancement. (*People v. Sainz* (1999) 74 Cal.App.4th 565, 568, 576; *Hale v. Superior Court* (2014) 225 Cal.App.4th 268, 276.) "[T]he 'bodily injury' component of Vehicle Code section 23153 requires only proof of ' "harm or hurt to the body." ' [Citation.] … [¶] Section 12022.7 is a legislative attempt to punish more severely those crimes that actually result in great bodily injury. [Citation.] It applies except where serious bodily injury is already an element of the substantive offense charged. [Citation.] … [¶] Since th[e] bodily injury was determined to be great bodily injury, it exceeded the level of injury required under Vehicle Code section 23153. In such a situation, it is appropriate to increase the punishment by way of an enhancement. [Citation.]" (*People v. Guzman* (2000) 77 Cal.App.4th 761, 765.)

Finally, appellant raises the only issue arguably cognizable in this appeal – that his appointed appellate counsel was prejudicially ineffective for failing to restate the claims he made in his February 2020 motions to the trial court, that he was entitled to modification of his sentence because of the enactments of Senate Bill No. 1393 and Assembly Bill No. 1618.

As the trial court explained, however, appellant is not entitled to relief under these statutes. Effective January 1, 2019, sections 667 and 1385 were amended by Senate Bill No. 1393 to remove the prohibitions on striking or dismissing a prior serious felony enhancement. (See Stats. 2018, ch. 1013, §§ 1–2.) The amended statutes apply retroactively to all cases that are not yet final. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971–973; *People v. Zamora* (2019) 35 Cal.App.5th 200, 208.) In this case, the

11.

prosecution did not plead or prove a prior serious felony enhancement pursuant to section 667, subdivision (a), and appellant was not sentenced to an additional five-year term for such an enhancement.

Appellant also claimed he was entitled to resentencing based on the enactment of Assembly Bill No. 1618 (2019–2020 Reg. Session), which added section 1016.8. As of January 1, 2020, "[a] provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments … that may retroactively apply after the date of the plea is void as against public policy." (§ 1016.8, subd. (b); *People v. Barton* (2020) 52 Cal.App.5th 1145, 1149.) As noted by the trial court, appellant did not enter a plea and was convicted after a jury trial. Thus, this statute is also inapplicable to his case.

The trial court properly denied appellant's motions, and appellate counsel was not prejudicially ineffective for declining to raise issues that were meritless and not applicable to this appeal. (*People v. Scheer* (1998) 68 Cal.App.4th 1009, 1024.)

## **DISPOSITION**

The judgment is affirmed.