Filed 11/9/21  P. v. Rumzie CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN THOMAS RUMZIE,<br><br>    Defendant and Appellant. | H047970<br>(Santa Clara County<br> Super. Ct. No. C1886749) |

Appellant John Thomas Rumzie pleaded no contest to one count of possession of child pornography (Pen. Code, § 311.11, subd. (a)[1]).  The trial court suspended imposition of sentence and placed Rumzie on felony probation for three years with conditions.  On appeal, Rumzie asserts this court should remand the matter to the trial court to reduce his probationary term under Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill 1950) and should vacate pursuant to Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill 1869) certain fees imposed at his sentencing.  We agree, reverse the probation order, and remand with instructions.

## I.  FACTS AND PROCEDURAL BACKGROUND

The facts of Rumzie's offense are irrelevant to the issues on appeal.

---

[1] Unspecified statutory references are to the Penal Code.

In March 2018, the Santa Clara County County District Attorney filed a complaint charging Rumzie with one count of possession or control of matter depicting a person under the age of 18 engaging in or simulating sexual conduct. (§ 311.11, subd. (a).) On March 19, 2019, Rumzie pleaded no contest to the sole count of the complaint.

On December 20, 2019, the trial court suspended imposition of sentence and placed Rumzie on three years of formal probation with conditions, including a term of 364 days in the county jail (30 days to be served in custody and the balance to be served on electronic monitoring). With respect to fines and fees, the trial court imposed a restitution fine of $300 with a 10 percent administrative fee (§ 1202.4) and an additional suspended probation revocation restitution fine of $300 (§ 1202.44), a $300 fine and penalty assessment (§ 290.3), a court security fee of $40 (§ 1465.8), a conviction assessment of $30 (Gov. Code, § 70373), a "booking fee" of $259.50 (Gov. Code, § 29550.2), a pre-sentence investigation fee not to exceed $450 (§ 1203.1b), and probation supervision costs of not more than $110 per month (§ 1203.1b).[2] Rumzie has appealed the trial court's December 20, 2019 probation order on two grounds.

## II. DISCUSSION

A. *Term of Probation*

At the time of Rumzie's sentencing in December 2019, the trial court had the authority to impose a three-year probationary term. (Former § 1203.1, subd. (a).) On January 1, 2021, Assembly Bill 1950 took effect and reduced the maximum probationary term for most felony offenses to two years. (Stats. 2020, ch. 328, § 2; § 1203.1, subds. (a), (m); *People v. Quinn* (2021) 59 Cal.App.5th 874, 879 (*Quinn*).) Section 1203.1, subdivision (a), now states in relevant part: "The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and

---

[2] On February 28, 2020, the trial court made minor modifications to Rumzie's probationary terms that are not relevant to the issues raised in this appeal.

upon those terms and conditions as it shall determine." (§ 1203.1, subd. (a).) There are exceptions to the new two-year limitation for certain felonies, but those exceptions do not apply here. (See § 1203.1, subd. (m).)

Rumzie contends the statutory change effected by Assembly Bill 1950 applies retroactively to his probationary term. The Attorney General does not contest that Assembly Bill 1950 is an ameliorative change that applies to cases, such as this one, not yet final on appeal. We agree with Rumzie that this amendment is retroactive to all nonfinal cases. (*People v. Greeley* (Oct. 19, 2021, No. H047281) __ Cal.App.5th __, __ [2021 WL 4889494, at *10] (*Greeley*); *People v. Sims* (2021) 59 Cal.App.5th 943, 964; *Quinn*, *supra*, 59 Cal.App.5th at pp. 881–885.) As Rumzie's case is not yet final on appeal, Assembly Bill 1950 applies here.

With respect to remedy, Rumzie requests that we direct the trial court to "correct" the minute order to reflect the imposition of a two-year term of probation. The Attorney General, by contrast, asks that we remand the matter to the superior court so that it may "adjust, modify, or strike probation terms" and consider related questions, such as possible expungement under section 1203.4, subdivision (a).

We agree with the Attorney General that remand is the appropriate remedy. (See *Greeley*, *supra*, 2021 WL 4889494, at *10.) Therefore, we reverse the order of probation and remand the matter to the trial court with directions to modify Rumzie's term of probation in accord with section 1203.1, subdivision (a), as amended by Assembly Bill No. 1950.

B. *Fines and Fees under Assembly Bill 1869*

Pursuant to Assembly Bill 1869, Rumzie requests that we order the trial court to strike the fees it imposed under Government Code section 29550.2 and section 1203.1b. The Attorney General does not generally dispute the applicability of Assembly Bill 1869 but contends that it does not extend to sums collectable and enforceable before July 1, 2021. As explained further below, we disagree with the Attorney General's analysis and

conclude that the plain language of Assembly Bill 1869 authorizes this court to vacate fees that remain unpaid as of July 1, 2021.

"On September 18, 2020, the Governor signed Assembly Bill 1869 . . . [¶] . . . [which] abrogated the authority to impose and collect 23 different administrative fees, including, as relevant here, the probation supervision fee and the criminal justice administration fee. It did so by adding section 1465.9 to the Penal Code, and section 6111 to the Government Code. (Stats. 2020, ch. 92, §§ 11, 62.) Relevant to the probation supervision fee, section 1465.9, subdivision (a) provides, 'On and after July 1, 2021, the balance of any court-imposed costs pursuant to [s]ection 987.4, subdivision (a) of [s]ection 987.5, [s]ections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated.' (Stats. 2020, ch. 92, § 62.) Relevant to the criminal justice administration fee, Government Code section 6111 provides, 'On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to [Government Code] [s]ection 27712, subdivision (c) or (f) of [Government Code] [s]ection 29550, and [Government Code] [s]ections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated.' (Stats. 2020, ch. 92, § 11.)"[3] (*Greeley*, *supra*, 2021 WL 4889494, at *9, fn. omitted.)

---

[3] We note that section 1465.9 was recently amended to provide as follows: "(a) The balance of any court-imposed costs pursuant to [s]ection 987.4, subdivision (a) of [s]ection 987.5, [s]ections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 1463.07, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated. [¶] (b) On and after January 1, 2022 the balance of any court-imposed costs pursuant to [s]ection 1001.15, 1001.16, 1001.90, 1202.4, 1203.1, 1203.1ab, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7, as those sections read on December 31, 2021, shall be unenforceable and uncollectible

Moreover, in *Greeley*, this court held that "the plain language of Government Code section 6111 and section 1465.9 not only authorizes, but mandates, vacation of a portion of a judgment for the purpose of striking the now-unauthorized assessments— here, the unpaid balance of the probation supervision and criminal justice administration fees. Specifically, after declaring that the identified fees are now 'unenforceable and uncollectible,' the relevant statutes then state, '*and* any portion of a judgment imposing those costs *shall be vacated*.' (Gov. Code, § 6111, subd. (a); § 1465.9, subd. (a), italics added.) Significantly, '[t]he Legislature also used the conjunctive "and" which must be given effect under traditional statutory interpretation rules.' (*In re Carr* (1998) 65 Cal.App.4th 1525, 1536.) Thus, although the unpaid balance of the identified fees is no longer enforceable and collectible, the statute also mandates that any portion of a judgment imposing those fees be vacated. Accordingly, based on the plain language of the statute, the unpaid balance of the probation supervision and criminal justice administration fees must be vacated." (*Greeley*, *supra*, 2021 WL 4889494, at *10, fn. omitted.)

We adhere to this analysis and, consistent with *Greeley*, order the trial court to vacate any fees imposed on Rumzie under Government Code section 29550.2 and section 1203.1b that remain unpaid as of July 1, 2021.

### III. DISPOSITION

The probation order is reversed. The matter is remanded to the trial court with directions to modify Rumzie's term of probation in accord with Penal Code section 1203.1, subdivision (a), as amended by Assembly Bill No. 1950 (2019-2020 Reg. Sess.)

---

and any portion of a judgment imposing those costs shall be vacated." (Stats. 2021, ch. 257, § 35 [Assem. Bill No. 177 (2021-2022 Reg. Sess.)] ; see also *id.*, § 48 [effective Sept. 23, 2021].) Neither party in this appeal has made any argument regarding the recent amendment to section 1465.9, and they may raise the applicability of this amendment in the trial court on remand.

and to vacate any fees imposed under Government Code section 29550.2 and Penal Code section 1203.1b that remain unpaid as of July 1, 2021.

_____

Danner, J.

WE CONCUR:


_____

Greenwood, P.J.



_____

Wilson, J.



**H047970**
*People v. Rumzie*