Filed 3/29/22  P. v. Wakefield CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DARYL WAKEFIELD,<br><br>        Defendant and Appellant. | A163610<br><br><br>(Solano County<br>Super. Ct. No. VCR221437) |

### MEMORANDUM OPINION[1]

In our prior opinion affirming defendant Daryl Wakefield's conviction for murder, attempted murder, and misdemeanor child abuse, we ordered the trial court to correct the abstract of judgment with respect to its award of actual custody and conduct credits.  On remand, the trial court held a hearing on the issue of credits and prepared an amended abstract of judgment and amended sentencing minute order.  Because the amended abstract of judgment and amended minute order do not reflect the judgment as modified by our prior opinion, we again remand for the trial court to enter the correct award of credits.

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.

# I. BACKGROUND

Because the facts underlying defendant's convictions are irrelevant to the issue raised on appeal, we do not summarize them, and instead incorporate by reference our opinion in the prior appeal, *People v. Wakefield* (Nov. 23, 2020, A158164) [nonpub. opn.] (*Wakefield I*).

In the underlying case, defendant was convicted of first degree murder (Pen. Code,[2] § 187, subd. (a); count 1); attempted first degree murder (§§ 187, subd. (a), 664; count 2); one count of felony child abuse (§ 273a, subd. (a); counts 3); and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 5). He was also convicted of one count of misdemeanor child abuse. (§ 273a, subd. (b); count 4.) Defendant was sentenced to an aggregate term of 79 years to life, plus a consecutive term of 180 days for count 4.

At the original sentencing hearing, the trial court calculated defendant's credits as follows: Beginning with count 4, the trial court ordered "the 180 days sentence of 90 actual plus 90 [section] 4019 for a total of 180 days." As to counts 2, 3, and 5, the court ordered "1,751 actual plus 262 pursuant to [section] 2933.1 for a total of 2,013 days toward his sentence. And that reflects his actual days less 90 actual days. His actual is 1,841 as of today minus 90, which is attributed to Count 4. That leaves 1,751 on [counts 2, 3, and 5]." As to count 1, the trial court stated defendant has "zero credits" because it was a consecutive term.

In our prior opinion, we concluded defendant was entitled to a total of 1,841 days of actual custody credit for time served. (*Wakefield I, supra,* A158164.) We also determined that the trial court erred in awarding

---

[2] Unless otherwise indicated, all statutory references are to the Penal Code.

defendant conduct credit because as a convicted murderer, he was not entitled to *any* conduct credit on his sentence. (*Ibid*.) We modified the judgment to reflect 1,841 days of custody credit for actual time served and struck the award of local conduct credit. We directed the trial court to prepare an amended abstract of judgment and transmit a copy to the Department of Corrections and Rehabilitation. (*Ibid*.) The remittitur issued on April 2, 2021.

On remand, the trial court held a hearing on August 23, 2021, on the issue of credits. At the hearing, the court and counsel for the parties discussed how credits should be calculated in light of our appellate opinion. Ultimately, the court ordered as follows: "Count One, the 56 to life term, zero credits. Count Two, the attempted murder, which is consecutive 23 to life term, his credits will be 1751 actual days, not entitled to any good time/work time. 1751 actual. On Count Three, the [section] 273a[, subdivision] (a), which is a 21-year concurrent sentence that was stayed, all of that remains. His credits again are 1751 actual days. No good time/work time on Count Four.[3] The misdemeanor [section] 243a[,subdivision] (b),[4] 90 plus 90 [section] 4019 for hundred eighty days consecutive. On Count Five, the [section] 245[, subdivision] (a)(4) plus enhancements was a 17 year concurrent term. That remains stayed. His credits on Count Four are 1751 actual days.[5] No good time/work time. Again, his aggregate state prison term remains as 79 years to life." The minute order from the sentencing hearing states, "ALL SENTENCE REMAINS THE SAME—79 YEARS," and

---

[3] It appears the court meant count 3, as it was discussing that count.

[4] This appears to be a typographical error, as defendant was convicted of section 273a, subdivision (b) on count 4.

[5] It appears the court meant count 5, as it was discussing that count.

provides a breakdown of the credits as follows: for count 1, zero credits; for counts 2, 3, and 5, 1,751 actual credits; and for count 4, "90 ACTUAL + 90 [section] 4019 = 180 CONSECUTIVE." The amended abstract of judgment states defendant is to receive 1,751 actual credits and zero local conduct credits.

In October 2021, after defendant filed his notice of appeal, appellate counsel wrote to the trial court, requesting that the court correct the abstract of judgment to reflect that defendant was entitled to 1,841 actual credits as we stated in our prior opinion, *Wakefield I, supra,* A158164. In an "In Chambers Minute Order," filed November 9, the trial court declined to take any further action on the issue of credits, stating the matter had already been heard in open court with defendant, defense counsel and the deputy district attorney all present. However, the court did note that the August 23, 2021 minute order incorrectly stated defendant's sentence as "79 years." The trial court ordered the clerk of the court to prepare an amended minute order, reflecting that defendant was sentenced to 79 years to life.[6]

## II. DISCUSSION

On appeal, both parties contend the trial court erred, but for different reasons. Defendant contends the trial court erred in amending the abstract of judgment to award only 1,751 in actual custody credits. The Attorney General asserts the trial court erred because the amended sentencing order retained the error that defendant was entitled to 90 days of conduct credit under section 4019 on his misdemeanor sentence for count 4. We agree with both arguments.

---

[6] We requested and received a copy of the amended minute order in a supplemental clerk's transcript.

As noted above, in our prior opinion, we ordered that defendant was entitled to a total of 1,841 actual days of custody credit and no days of conduct credit against his sentence. Our disposition stated: "The judgment is modified to reflect 1,841 days of credit for actual time served and to strike any days of local conduct credit. The trial court is directed to prepare an amended abstract of judgment that reflects the above modification and to transmit a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed." (*Wakefield I, supra,* A158164.)

"After the remittitur 'the appellate court has no further jurisdiction of the appeal or of the proceedings thereon, *and all orders necessary to carry the judgment into effect shall be made by the court to which the certificate is remitted.*' [Citation.] Thus, the trial court is revested with jurisdiction of the case, *but only to carry out the judgment as ordered by the appellate court.*" (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366, italics added by *Dutra*; §§ 1260, 1265; *Rice v. Schmid* (1944) 25 Cal.2d 259, 263 [trial court is bound by directions given by appellate court "and has no authority to retry any other issue or to make any other findings. Its authority is limited wholly and solely to following the directions of the reviewing court."].) Accordingly, the trial court should have corrected the abstract of judgment to reflect defendant's entitlement to 1,841 days of actual credit and no local conduct credit against his sentence.

To the extent the trial court believed it had complied with our prior directions by awarding 1,751 days of actual credit against counts 2, 3 and 5 on the abstract of judgment, and 90 days of actual credit against count 4 in

5

its sentencing minute order, this was error.[7] "The sentencing court is responsible for calculating the number of days the defendant has been in custody before sentencing and for reflecting *the total credits allowed* on the abstract of judgment." (*People v. Black* (2009) 176 Cal.App.4th 145, 154, italics added.)

Here, that calculation was straightforward. Defendant was arrested on July 26, 2014, and sentenced on August 9, 2019—a total of 1,841 days, all of which he spent in county jail. "In all felony and misdemeanor convictions, . . . when the defendant has been in custody . . . , all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment . . . ." (§ 2900.5, subd. (a); *People v. Johnson* (2010) 183 Cal.App.4th 253, 288–289 [defendant convicted of murder is entitled to credit for actual days spent in custody under § 2900.5].) Further, as we previously determined, defendant was not entitled to any local conduct credits on any aspect of his sentence because he was convicted of murder. (§ 2933.2; *People v. Chism* (2014) 58 Cal.4th 1266, 1336 ["Subdivision (a) of section 2933.2 prohibits any person convicted of murder from accruing any presentence conduct or worktime credit."]; *People v. McNamee* (2002) 96 Cal.App.4th 66, 70 [§ 2933.2 supersedes "any and all provisions of law that might support an award of presentence conduct credits"]; *In re Carr* (1998) 65 Cal.App.4th 1525, 1532,

---

[7] The Attorney General argues we need not remand for correction of the abstract because the trial court's minute order states defendant is entitled to 90 days on the misdemeanor (count 4) and accordingly, the actual days listed on the abstract (1,751), plus the days listed on the sentencing minute order, do not constitute a " 'material variance' " from the terms of the remittitur. We disagree. We specifically ordered the court to amend the abstract of judgment to award 1,841 days of actual custody credit, and as we explain below, defendant is entitled to that number of days against his aggregate sentence.

fn. 2 ["Section 2933.2, subdivision (c) is clear—no murderer, even one receiving an extremely unlikely grant of probation, would ever be entitled to presentence conduct credits."].)  Accordingly, the abstract of judgment and minute order should consistently reflect that defendant is entitled to a total of 1,841 days of actual credit against his sentence and no days of conduct credit.

In sum, we again order that the abstract of judgment be corrected to increase defendant's presentence custody credit to a total of 1,841 actual days.  The trial court shall also amend the sentencing minute order to reflect a total of 1,841 actual days of credit and strike any presentence conduct credit as required by section 2933.2.

The Attorney General also notes that the trial court's minute orders in the current appeal mistakenly state that defendant was convicted on count 4 of violating section 273a, subdivision (a), when defendant was in fact convicted of a violation of section 273a, subdivision (b).[8]  Defendant does not disagree, and the record reflects that defendant was convicted on count 4 of a violation of section 273a, subdivision (b).  Accordingly, the sentencing minute order must be corrected.

### III.  DISPOSITION

The superior court clerk is directed to prepare an amended sentencing minute order and an amended abstract of judgment reflecting defendant's entitlement to 1,841 days of actual custody credit and no days of local conduct credit.  The clerk shall also correct the sentencing minute order to reflect the fact that defendant was convicted of a violation of section 273a,

---

[8] Our prior appeal mistakenly stated that defendant was convicted of a violation of section 273a, subdivision (a) on count 4.  (*Wakefield I*, *supra*, A158164.)  We previously granted the Attorney General's unopposed request for judicial notice of the record in the prior appeal.

7

subdivision (b) on count 4.  The clerk shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

                                                            MARGULIES, ACTING P. J.


WE CONCUR:


BANKE, J.


EAST, J.*




A163610
*People v. Wakefield*

* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9