Filed 3/6/25  P. v. Terrazas CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063741 |
| v. | (Super. Ct. No. 10NF1273) |
| MANUEL YOHONATHAN TERRAZAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Jonathan Fish, Judge. Reversed and remanded with directions.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

Except for certain sex offenses, the Legislature has generally determined that one-year prison priors "*imposed* prior to January 1, 2020," are "legally invalid." (Pen. Code, § 1172.75, subd. (a), italics added.)[1] The Legislature has further provided that if a defendant's sentence "includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

The operative issue in this appeal turns on whether section 1172.75 applies to a defendant when a trial court *imposes* a prison prior, but then stays (or strikes) the punishment for the enhancement.

Appellate courts have split on the question, and the Supreme Court has granted review; therefore, we need not engage in a lengthy analysis or prediction as to how the issue will be resolved. (See *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169.)

But in the meantime, we agree with the majority view in this state and hold "that section 1172.75 should be interpreted to apply whenever a prison prior was *imposed*, whether punishment was executed, stayed, or struck." (See, e.g., *People v. Espino* (2024) 104 Cal.App.5th 188, 193, italics added (*Espino*), review granted Oct. 23, 2024, S286987.)

 Here, defendant Manuel Yohonathan Terrazas petitioned for section 1172.75 relief. The court denied his petition because at the time of sentencing the court *imposed* a prison prior, but then stayed the punishment.

Consistent with the majority view, we reverse the trial court's order and remand with directions to recall defendant's sentence, and then to conduct a resentencing hearing.

---

[1] All further undesignated statutory references will be to the Penal Code.

# I.

## PROCEDURAL BACKGROUND

In July 2010, defendant pleaded guilty to two counts of robbery with related enhancements. Defendant admitted a prior strike conviction and a prison prior. The trial court sentenced defendant to 19 years, four months in prison, and ordered the punishment for the prison prior stayed.

In November 2023, defendant filed a section 1172.75 petition. The court denied the petition "because all related enhancements were either stayed or stricken at time of sentencing."

# II.

## DISCUSSION

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. [Citation.] Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) . . . (Stats. 2019, ch. 590) [(SB 136)] amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) "Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483). This bill sought to make the changes implemented by [SB] 136 retroactive. [Citation.] It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)" (*Ibid.*)

Section 1172.75 directs the California Department of Corrections and Rehabilitation to identify those "currently serving a term for a judgment that includes an enhancement described in subdivision (a) . . . to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) Upon receiving this information, "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) "Resentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

Here, the question is whether defendant is entitled to recall and resentencing under section 1172.75, where his prison prior was imposed by the trial court, but the punishment was stayed.

In interpreting a statute, our primary goal is to effectuate the Legislature's intent. (*In re Christian S.* (1994) 7 Cal.4th 768, 774.) We begin with the words of the statute, giving the words their plain and ordinary meaning. (*Id.* at pp. 774-775.) The Legislature's choice of words is usually the best indicator of its intent. (*In re Carr* (1998) 65 Cal.App.4th 1525, 1530.)

Pending direction from the Supreme Court, we follow the reasoning of *Espino, supra,* 104 Cal.App.4th 188, review granted, and conclude he is entitled to relief: "Reviewing this question of statutory interpretation de novo [citation], we conclude that section 1172.75 should be interpreted according to the ordinary meaning of the word 'impose' and therefore applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*Id.* at p. 194.)

4

This case presents similar circumstance referenced by the *Espino* court. For the reasons set forth in *Espino*, we conclude defendant is therefore entitled to resentencing.

## III.

## DISPOSITION

The order denying defendant's petition is reversed and the matter is remanded to the trial court for recall and resentencing.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

SCOTT, J.