Filed 3/6/25  P. v. Rivera CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>OMAR HUMBERTO RIVERA,<br><br>        Defendant and Appellant. | G063793<br><br>(Super. Ct. No. 04SF0912)<br><br>O P I N I O N |

        Appeal from an order of the Superior Court of Orange County, Andre Manssourian, Judge. Reversed and remanded with directions.

        Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

*                *                *

Except for certain sex offenses, the Legislature has generally determined that one-year prison priors "*imposed* prior to January 1, 2020," are "legally invalid." (Pen. Code, § 1172.75, subd. (a), italics added.)[1] The Legislature has further provided that if a defendant's sentence "includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

The operative issue in this appeal turns on whether section 1172.75 applies to a defendant when a trial court *imposes* a prison prior, but then strikes (or stays) the punishment for the enhancement.

Appellate courts have split on the question, and the Supreme Court has granted review; therefore, we need not engage in a lengthy analysis or prediction as to how the issue will be resolved. (See *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169.)

But in the meantime, we agree with the majority view in this state and hold "that section 1172.75 should be interpreted to apply whenever a prison prior was *imposed*, whether punishment was executed, stayed, or struck." (See, e.g., *People v. Espino* (2024) 104 Cal.App.5th 188, 193, italics added (*Espino*), review granted Oct. 23, 2024, S286987.)

Here, defendant Omar Humberto Rivera petitioned for relief under section 1172.75. The court denied his petition because at the time of his sentencing the court *imposed* a prison prior, but struck the punishment.

Consistent with the majority view, we reverse the trial court's order and remand with directions to recall defendant's sentence, and then to conduct a resentencing hearing.

---

[1] All further undesignated statutory references will be to the Penal Code.

# I.

# PROCEDURAL BACKGROUND

The facts are set forth in our prior unpublished opinion. (*People v. Teague and Rivera* (May 29, 2007, G036166, G036207) [nonpub. opn.].) Those facts are not relevant to the issue before us in this appeal, so we will summarize only the relevant procedural background.

In August 2005, a jury found defendant guilty of two counts of robbery, one count of burglary, and found true related firearm enhancements. The trial court found true that defendant had two prior strike convictions, two serious felony priors, and one prison prior. The court sentenced defendant to 26 years in prison, and ordered the prison prior "stricken for purpose[s] of sentencing only."[2]

In December 2023, defendant filed a section 1172.75 petition. The trial court denied the petition "because all related enhancements were either stayed or stricken at time of sentencing."

# II.

# DISCUSSION

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. [Citation.] Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) . . . (Stats. 2019,

---

[2] "If the court has the authority . . . to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice . . . ." (§ 1385, subd. (b).)

ch. 590) [(SB 136)] amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) "Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483). This bill sought to make the changes implemented by [SB] 136 retroactive. [Citation.] It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)" (*Ibid.*)

Section 1172.75 directs the California Department of Corrections and Rehabilitation to identify those "currently serving a term for a judgment that includes an enhancement described in subdivision (a) . . . to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) Upon receiving this information, "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) "Resentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

Here, the question is whether defendant is entitled to recall and resentencing under section 1172.75, where his prison prior was imposed by the trial court, but the punishment was stricken. (See § 1385, subd. (b).)

In interpreting a statute, our primary goal is to effectuate the Legislature's intent. (*In re Christian S.* (1994) 7 Cal.4th 768, 774.) We begin with the words of the statute, giving the words their plain and ordinary

4

meaning. (*Id.* at pp. 774-775.) The Legislature's choice of words is usually the best indicator of its intent. (*In re Carr* (1998) 65 Cal.App.4th 1525, 1530.)

Pending direction from the Supreme Court, we follow the reasoning of *Espino, supra,* 104 Cal.App.4th 188, review granted, and conclude he is entitled to relief: "Reviewing this question of statutory interpretation de novo [citation], we conclude that section 1172.75 should be interpreted according to the ordinary meaning of the word 'impose' and therefore applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*Id.* at p. 194.)

This case presents similar circumstance referenced by the *Espino* court. For the reasons set forth in *Espino*, we conclude defendant is therefore entitled to resentencing.

## III.

## DISPOSITION

The order denying defendant's petition is reversed and the matter is remanded to the trial court for recall and resentencing.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

SCOTT, J.

5