Filed 3/14/25  P. v. Cortez CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063801 |
| v. | (Super. Ct. No. 07WF1609) |
| RODOLFO MAGANA CORTEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Andre Manssourian, Judge. Reversed and remanded with directions.

Laura Beth Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Laura G. Baggett and Juliet W. Parks, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Except for certain sex offenses, the Legislature has generally determined that one-year prison priors "*imposed* prior to January 1, 2020," are "legally invalid." (Pen. Code, § 1172.75, subd. (a), italics added.)[1] The Legislature has further provided that if a defendant's sentence "includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

The operative issue in this appeal turns on whether section 1172.75 applies to a defendant when a trial court *imposes* a prison prior, but then strikes (or stays) the punishment for the enhancement.

Appellate courts have split on the question, and the Supreme Court has granted review; therefore, we need not engage in a lengthy analysis or prediction as to how the issue will be resolved. (See *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169.)

But in the meantime, we agree with the majority view in this state and hold "that section 1172.75 should be interpreted to apply whenever a prison prior was *imposed*, whether punishment was executed, stayed, or struck." (See, e.g., *People v. Espino* (2024) 104 Cal.App.5th 188, 193, italics added (*Espino*), review granted Oct. 23, 2024, S286987.)

Here, defendant Rodolfo Magana Cortez petitioned for relief under section 1172.75. The trial court denied his petition because at the time of sentencing the court *imposed* two prison priors, but struck the punishment.

Consistent with the majority view, we reverse the trial court's order and remand with directions to recall defendant's sentence, and then to conduct a resentencing hearing.

---

[1] All further undesignated statutory references will be to the Penal Code.

# I.

## PROCEDURAL BACKGROUND

The facts concerning defendants' offenses are set forth in our prior unpublished opinion. (*People v. Cortez* (Mar. 29, 2012, G044887) [nonpub. opn.].) Those facts are not relevant to the issue before us in this appeal, so we will summarize only the relevant procedural background.

In December 2010, a jury found defendant guilty of three felonies. The court found true that defendant had two prior strike convictions and two one-year prison priors.

In February 2011, the trial court sentenced defendant to 25 years to life, a concurrent determinate term, and ordered the two one-year prison priors "stricken for purpose[s] of sentencing only." [2]

In May 2022, defendant submitted a section 1172.75 petition. The court denied the petition "because all related enhancements were either stayed or stricken at time of sentencing."

# II.

## DISCUSSION

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. [Citation.] Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) . . . (Stats. 2019,

---

[2] "If the court has the authority . . . to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice . . . ." (§ 1385, subd. (b).)

ch. 590) [(SB 136)] amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) "Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483). This bill sought to make the changes implemented by [SB] 136 retroactive. [Citation.] It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)" (*Ibid.*)

Section 1172.75 directs the California Department of Corrections and Rehabilitation to identify those "currently serving a term for a judgment that includes an enhancement described in subdivision (a) . . . to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) Upon receiving this information, "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) "Resentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

Here, the question is whether defendant is entitled to recall and resentencing under section 1172.75, where his prison prior was imposed by the trial court, but the punishment was stricken. (See § 1385, subd. (b).)

In interpreting a statute, our primary goal is to effectuate the Legislature's intent. (*In re Christian S.* (1994) 7 Cal.4th 768, 774.) We begin with the words of the statute, giving the words their plain and ordinary

4

meaning. (*Id.* at pp. 774-775.) The Legislature's choice of words is usually the best indicator of its intent. (*In re Carr* (1998) 65 Cal.App.4th 1525, 1530.)

Pending direction from the Supreme Court, we follow the reasoning of *Espino, supra,* 104 Cal.App.4th 188, review granted, and conclude he is entitled to relief: "Reviewing this question of statutory interpretation de novo [citation], we conclude that section 1172.75 should be interpreted according to the ordinary meaning of the word 'impose' and therefore applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*Id.* at p. 194.)

This case presents similar circumstance referenced by the *Espino* court. For the reasons set forth in *Espino*, we conclude defendant is therefore entitled to resentencing.

III.

DISPOSITION

The order denying defendant's petition is reversed and the matter is remanded to the trial court for recall and resentencing.

MOORE, J.

I CONCUR:

O'LEARY, P. J.

5

DELANEY, J., Concurring.

I agree with the majority that the sole issue in this case concerns the interpretation of Penal Code section 1172.75, and I agree the trial court erred in denying defendant Rodolfo Magana Cortez's resentencing petition.[1] I write separately because I believe the statutory analysis which compels the result is different than that articulated in *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987 (*Espino*), on which the majority relies.

"Our task when interpreting statutory language is to discern the Legislature's intent 'so as to effectuate the purpose of the law.' [Citation.] 'The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.'" (*People v. Hupp* (2023) 96 Cal.App.5th 946, 950.)

Section 1172.75 requires resentencing when a defendant's judgment includes a now-invalid prison prior sentencing enhancement "imposed" pursuant to a former version of section 667.5, subdivision (b). (§ 1172.75, subds. (a), (c).) The Attorney General argues the word imposed should be interpreted to mean imposed and executed.

On its face, section 1172.75 does not require a defendant to have been subjected to a term of imprisonment to qualify for resentencing. Rather, the statute is broadly worded to apply whenever a prior prison term enhancement was "imposed," without further qualification. (§ 1172.75, subds.

---

[1] All further statutory references are to the Penal Code.

1

(a), (c).) Had the Legislature intended to limit section 1172.75's reach to cases where the enhancement was imposed and executed, it could have expressly done so. But, it did not.

When the plain language of a statute is clear, courts are not at liberty to rewrite it to conform to a presumed legislative intent which does not appear in its text. (See *Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 807; *Figueroa v. FCA US, LLC* (2022) 84 Cal.App.5th 708, 712). Thus, if one views "imposed" as unambiguous, the express language of section 1172.75 does not support the Attorney General's interpretation of the statute as requiring both imposition and execution of a prior prison term enhancement as a prerequisite to obtaining resentencing relief. (*Espino, supra*, 104 Cal.App.5th at p. 197, rev. granted; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 676.)

Applying that understanding of the "imposed" language to a situation in which the punishment for a prison prior enhancement was stricken, a court does not impose a sentence enhancement finding. Rather, it imposes punishment for a sentence enhancement. (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125; *Espino, supra*, 104 Cal.App.5th at p. 204 (dis. opn. of Lie, J.), rev. granted.) Punishment cannot be stricken, unless it is first imposed. (See Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/impose, par. 1.a> [as of Feb. 18, 2025] archived at: <https://perma.cc/9DW6-JUF6> [defining "impose" as "to establish or apply by authority"]; Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/strike, par. 4> [as of Feb. 18, 2025] archived at: <https://perma.cc/MR92-TPD5> [defining "strike" as "to delete something"].)

Here, the original sentencing court struck only the punishment for the enhancement and did not strike the enhancement itself. So, even though Cortez was not subjected to prison time or the threat of prison time as a result of the prior prison term enhancement finding, the sentence enhancement was imposed for purposes of section 1172.75 resentencing eligibility.

While the foregoing analysis is premised on the statute's plain language being unambiguous and on a certain ordinary meaning of the word imposed, I would be remiss not to recognize *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), and the *Espino* dissent. Both provide equally persuasive, supported, and well-reasoned argument for ascribing a different meaning to the word imposed, including cogent rationale that goes beyond the statutory language. (See *Rhodius*, at pp. 43–48, rev. granted; *Espino, supra*, 104 Cal.App.5th at pp. 202–204 (dis. opn. of Lie, J.), rev. granted.)

Among other matters, the *Espino* dissent highlights the divergent positions held by the judiciary regarding whether an enhancement for which punishment was stricken may have potential future adverse consequences, such as restricting a defendant's custody credits, and whether the Legislature intended section 1172.75 to neutralize any such potential collateral consequences. (Compare *Espino, supra*, 104 Cal.App.5th at p. 201, with *id.* at pp. 204–205 (dis. opn. of Lie, J.), rev. granted.) Relevant to those points, any defendant who previously served a term in prison will always have that prior prison term in their history. Thus, even if the finding and punishment for an enhancement based thereon is eliminated from a particular judgment, the prior prison term has the potential for negatively impacting them in the

3

future. (See, e.g., § 1170, subd. (b)(2) [court may impose sentence exceeding middle term of sentencing triad when "circumstances in aggravation" justify doing so]; *Chavez Zapeda v. Superior Court* (2023) 97 Cal.App.5th 65, 78 ["'circumstances in aggravation'" in § 1170, subd. (b)(2), includes factors listed in Cal. Rules of Court, rule 4.421]; Cal. Rules of Court, rule 4.421 [prior prison term served by defendant is an aggravating circumstance].)

Similarly, *Rhodius* brings to light the current fundamental disagreement among appellate courts regarding whether unexecuted punishment for a prison prior enhancement adds to a defendant's sentence, such that elimination of all aspects of the enhancement will "result in a lesser sentence than the one originally imposed." (§ 1172.75, subd. (d)(1); see, e.g., *Espino, supra*, 104 Cal.App.5th at p. 197, rev. granted; *People v. Christianson* (2023) 97 Cal.App.5th 300, 312, review granted February 21, 2024, S283189; *Rhodius, supra*, 97 Cal.App.5th at pp. 43–44, rev. granted.) In this regard, I respectfully disagree that an enhancement for which punishment was originally stricken can result in an additional term of imprisonment during a future resentencing.

Roughly two years before the Legislature enacted section 1172.75, it amended section 667.5, subdivision (b), to narrow the availability of the one-year prison prior enhancement. (Stats. 2019, ch. 590, § 1.) The enhancement is now only available for prior prison terms for sexually violent offenses, which is the precise type of prison prior enhancement excluded from section 1172.75 resentencing eligibility. (§§ 667.5, subd. (b), 1172.75, subd. (a).) Accordingly, a court conducting a resentencing today could only "revive" a one-year prison prior enhancement for which punishment was previously stricken if the qualifying prior prison term was for a sexually violent offense.

4

A court could not, now or in the future, impose punishment for a prison prior enhancement that the Legislature makes unavailable at the time of a resentencing hearing. (See *People v. Padilla* (2022) 13 Cal.5th 152, 160–163 [new laws that mitigate punishment for offense generally are presumed to apply to cases not yet final, including when prior sentence is vacated for resentencing]; *People v. Walker* (2021) 67 Cal.App.5th 198, 205–206 & fn. 4 [except where barred by prohibition against ex post facto laws, trial court must apply law in effect at time of resentencing].)

Where, as here, the use of statutory construction tools leads to two reasonable interpretations of the statute which completely counterbalance one another, the inescapable conclusion is the statute is ambiguous in such a manner, and to such an extent, that its meaning cannot be conclusively resolved by applying rules of statutory construction. Under these unique circumstances, the rule of lenity applies, and we must adopt the interpretation most favorable to Cortez—that an imposed prison prior sentence enhancement triggers application of section 1172.75's resentencing process, even if the original sentencing court ultimately struck the punishment. (See *People v. Nuckles* (2013) 56 Cal.4th 601, 611 [rule of lenity applies "'"only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule"'"]; *Espino, supra*, 104 Cal.App.5th at p. 201, rev. granted [rule of lenity would apply if section 1172.75 interpretations were equally strong on both sides].)

Because Cortez's judgment includes a prison prior sentence enhancement that was imposed prior to January 1, 2020, within the meaning of section 1172.75, I agree Cortez is entitled to resentencing.


DELANEY, J.